U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 10 2019

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PAMELA LEDET | CIVIL ACTION NO.: 1:17-01350 |
| VERSUS | |
| MATTHEW BURNS, SAFELITE GROUP, INC., AND ACE AMERICAN INSURANCE. CO. | JUDGE DEE D. DRELL<br>MAG. JUDGE PEREZ-MONTES |

## RULING

Before the court is a motion for partial summary judgment filed by Pamela Ledet. (Doc. 34). Safelite Group, Inc. (Safelite) filed an opposition to the motion, to which Ledet filed a reply. For the following reasons, the motion will be DENIED.

**I.     FACTUAL BACKGROUND**

This lawsuit arises out of an automobile accident that occurred on October 14, 2015. Pamela Ledet was stopped in the right, southbound lane of Louisiana Highway 71, at the entrance to the South Traffic Circle in Alexandria, Louisiana. Matthew Burns, who was operating a vehicle as part of his employment with Safelite, stopped directly behind Ledet. When Ledet began moving forward, Burns looked to his left for oncoming traffic, proceeded forward to enter the traffic circle, and, not realizing Ledet stopped again, struck her vehicle from behind.

On October 7, 2017, Ledet filed suit in the 9th Judicial District Court, Parish of Rapides, State of Louisiana alleging she sustained back and neck injuries as a result of the accident and demanding damages for past and future physical and mental pain and suffering, loss of income,

medical bills, loss of enjoyment of life, and physical disability. Safelite and ACE American Insurance Company removed the lawsuit to this court on October 20, 2017.

On October 23, 2018, Ledet amended her complaint to add paragraph 1A which advised service was attempted on Defendant Matthew Burns but he could not be located. Accordingly, "[p]ursuant to LSA R.S. 22:1269, plaintiff asserts a direct action against the defendants Safelite Group, Inc. and ACE American Insurance Company." (Doc. 25, p.1).

On February 20, 2019, Ledet filed this motion for summary judgment seeking an assessment of 100% liability to Matthew Burns. Safelite opposed the motion and Ledet filed a reply.

**II.   LAW AND ANALYSIS**

   **A. Summary Judgment Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011) (internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. Once done, the burden shifts to the nonmoving party to come forward with evidence which demonstrates

2

the essential elements of his claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The nonmoving party must establish the existence of a genuine issue of material fact for trial by showing the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir.1995). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof. Id. "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Duffy, 44 F.2d at 312, citing Anderson v Liberty Lobby, 477 U.S. at 247.

**B. Liability**

"Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La.Rev.Stat.Ann. 32:81 and hence is presumed negligent." Mart v. Hill, 505 So.2d 1120, 1123 (La.1987). That is, the following motorist is presumed to have breached his obligation "not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and condition of the highway." LSA R.S. 32:81(A). The presumption may be rebutted under the sudden emergency doctrine if the operator of the following vehicle can prove "the driver of the lead car negligently created a hazard which the following motorist could not reasonably avoid." Garcia v. Stalsby, 78 So. 873, 877 (La.App. 3 Cir. 2011), *writ denied*, 85 So.3d 703 (2012).

Defendant argues that the sudden emergency doctrine applies to relieve Burns from liability. Specifically, Defendant claims Ledet created an emergency when she began moving forward but then stopped suddenly and without warning. Defendant argues in its opposition:

3

> The sudden emergency doctrine is available to a person who finds himself...in a position of imminent peril and does not have sufficient time to consider and weigh all of the best means available to avoid that impending danger. The doctrine provides that a following motorist will be adjudged free from fault if the following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle, which could not reasonably be avoided.

(Doc. 38, p.3) (citations omitted).

The very nature of a traffic circle requires cars entering the traffic circle to yield to those in front of them as well as those already traveling in the circle. The driver should maintain a safe distance and a lookout for both oncoming traffic and the preceding vehicle. Stop and go traffic is an anticipated hazard of a traffic circle. Nothing in the record indicates Ledet's sudden stop resulted in Burns being in "imminent peril" without "sufficient time to consider and weigh all of the best means available to avoid the impending danger." "The rule of sudden emergency... cannot be invoked by one who has not used due care to avoid the emergency." Ebarb v. Matlock, 69 So.3d 516 (La.App. 2 Cir. 2011, *writ denied*, 69 So.3d 1164 (La.2011) citing Anderson v. May, 812 So.2d 81 (La.App. 5 Cir. 2002). Moreover, the doctrine "does not apply to lower the standard of care required of motorists before the emergency occurs." Id. Thus, we do not find the doctrine of sudden emergency applicable to negate the presumption of Burns' liability.

Though Burns has not negated the presumption that he is at fault, the existence of the presumption does not automatically render him 100% at fault. "A favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident." Matherne v. Lorraine, 888 So.2d 244, 246 (La.App. 1 Cir. 2004) citing Slagel v. Roberson. 858 So.2d 1288, 1291 (La.App. 2 Cir. 2003). "[O]nce the presumption of negligence attaches to the defendant, the ordinary rules of comparative negligence apply and, thus, a plaintiff's damage award may be reduced by the degree that he was comparatively at fault. Matherne, 888 So.2d at 246, citing Kimble v. Wal-Mart Stores, Inc., 527 So.2d 1163, 1166 (La.App. 3 Cir. 1988),

4

*aff'd in part, amended in part*, 539 So.2d 1212 (La.1989). Through Burns' affidavit, Safelite created a genuine issue as to whether Ledet's sudden stop contributed at all to the accident. The resolution of this issue requires the fact finder to weigh evidence. Accordingly, to grant summary judgment on this issue would be improper.

### III. CONCLUSION

In light of the foregoing, Ledet's motion for partial summary judgment will be **DENIED**. The court will issue a judgment in conformity with these findings

**SIGNED** this 10th day of March 2019, at Alexandria, Louisiana.

**DEE D. DRELL, JUDGE**
**UNITED STATES DISTRICT COURT**